Singh v. Garland has been submitted. We'll take up United States v. Alvarez. May it please the court, a citizen, United States attorney, Niko Husbitt. My name is Harleen Kimura and I represent Mr. Marco Morfin Alvarez. May I reserve two minutes for rebuttal? Yes, Roger Clark please. Based upon the two issues in this case, the first one is whether the district court was to look at whether Mr. Alvarez was truthful and complete by the time of sentencing or did he have to be extensively cross-examined or questioned to tell the truth. The district court agreed with the trial counsel that to be eligible for safety valve relief, the defendant had to be questioned extensively and cross-examined and that is not the rule according to the statute or the Ninth Circuit rule. Now the government makes the point about, well, there was some inconsistencies where he was not telling the truth regarding certain statements he made. Yes, that is true, but those were the earlier statements rather than the statements that were made after the prior counsel had a confidential discussion with Mr. Alvarez to tell the truth. And at that point, he did tell the truth completely and that was on January 21, 2020, and the sentencing hearing was on June 9, 2021. Also in the government's sealed excerpts, they have the report of the safety valve interview and at the was no indication that Mr. Alvarez was untruthful. However, at sentencing, the government did say they would give Mr. Alvarez an opportunity to clarify, but because of the pandemic, that never really happened. The issue that the prior counsel brought up at sentencing seemed to focus on the that was not being considered by her in determining he was safety valve ineligible. It was only that he was being cross-examined extensively and questioned in order for him to tell the truth. And as I said before, clearly that is not the test. The second issue is whether to determine the participant, you would only look at the charged conduct or everyone else in the conspiracy if there is sufficient evidence to establish the identity and the participation. And in the pre-sentence report that was submitted under seal, it does show that there were others involved in this larger conspiracy. However, the sentencing court did say when it determined that it should be a two-level minor participant rather than a four-level minimal participant. The district court did say the reason why she determined it was only two levels was because of the three-week period of time when the so forth with the source of supply, which indicates further that she was only looking at the source of supply and Mr. Alvarez, not the larger conspiracy, which had other individuals as indicated in the pre-sentence report. Your Honor, I really don't have much more. Are there any counsel? What do we do with the finding by the district court that even at the conclusion, set aside this whole notion about cross-examination, that even at the conclusion of your client's discussions with the government, he still was not truthful? The court made that finding. How is that clearly erroneous? Your Honor, the court did say that as a finding. However, the basis for the court's finding was her agreement with the trial counsel that the reason why she made that finding was because Mr. Alvarez had to extensively question and cross-examine. So there is the inconsistency between her finding and the rationale for her grounds to vacate the sentence. Well, without speaking specifically, that wasn't the entire basis that the district court had before it. Certain documents under seal that it was relying on, too, correct? Yes, Your Honor. In the sentencing hearing, there was, as I saw the transcript, there was no mention of anything related to that except for the fact that, yes, there was the interview and there was the reference to the inconsistencies. However, although prior counsel at sentencing did not specifically raise it, there is the issue regarding Mr. Alvarez being truthful after the confidential communication. Right. I thought the government's position at my time of sentencing, that even though he'd initially lied, he continued to not tell the full truth. And that was, I thought that was what the district court was working off of. If you look at the transcript of the sentencing hearing and you look at what was disregarded by the district court to determine whether he was truthful or not, the only inconsistency, really, except for in our reply brief, is the four words, how we do it. That really is the only inconsistency. And even the government in the sentence... And in the sentencing hearing, the only inconsistency between Mr. Alvarez's statement and what his source of supply said were four words, how we do it. The government is claiming how we do it means how to package the methamphetamine and so forth. But the government also admits that the source of supply was not very good in English. How we do it could mean a lot of things. It could mean how it should be mailed. It doesn't necessarily mean who packaged it and how it should be packaged. So we would argue, Your Honor, that is not sufficient to establish or disqualify Mr. Alvarez from safety valve relief. Did you want to save two minutes for rebuttal? Yes, I would like to save two minutes. Thank you, Your Honor. Thank you. Good morning. May it please the court. I'm Nicole Hedspeth for the United States. I'd like to begin by addressing the safety valve discussion that the defendant made a safety valve to demonstrate that he's truthful and that he was completely talking about the offense and the circumstances surrounding the offense. And in this case, the defendant didn't meet that burden. It's a factual determination that's made by the court. And in determining that factual basis, his credibility is going to be evaluated. And he ran the risk of his credibility being believable when he chose to do the that were easy for the court to determine because the court sat through an entire trial and listened to all the evidence. And nothing that he came out with seemed to support that evidence. And when he finally did, the defense counsel mentioned that there's nothing except for how we do it that was ultimately untruthful. But that's not true because, well, first off, there's two requirements in the safety valve, not just to be truthful, but also to be complete. And he was not complete at all. He did not talk about actually mailing the parcel. And you remember his hands and that it was a big deal about evading identification, both with very gingerly holding it and not getting his fingerprints on. But he wasn't truthful about it initially, that he said he hurt his hand. And then he never came and said the whole truth about I'm trying to hide my identity. We knew he was hiding his identity because he also was using a fake ID in order to do the package with the postal office. He did not talk about truthfully about the wrapping of the package. We know that he wasn't giving the whole story because the marijuana, the marijuana, it does come up into play and it gets confused a little bit along the way, but it's relevant for the credibility determination again, because if he says I nearly a hundred quads and his permit is expired and only has six, that goes to the credibility that really it's not personal use. And it goes back to the government's theory of the case that the reason he's brought into this conspiracy is because of his expert knowledge in packaging marijuana. And this package actually is packaged just like he said, but he doesn't tell the whole complete story with the, who, who tells him to write the addresses on the box. We know it was him dictating that through the text messages because of the broken English that Mr. Valenzuela has, which was clear, but yet the text messages were clear English, clear, clearly English instructions about how to do it. He wasn't complete about it was most likely drugs. He essentially in his, at the conclusion of his safety valve interview, denied culpability. And the, and the list goes on, but that's just some of the things to counter that the defense thinks that nothing was, except for how we do it, was addressed. Now there was extensive, extensive questioning. And again, that extensive questioning that the judge references goes to the credibility. Ultimately, the judge adopts several times, at least four times, five times that the standard is to be truthful and complete at the conclusion. And that's what the government argues. And that's what the court adopts. To move on to the minimum versus the mitigating role, the defense says that the court failed to evaluate the defendant's place within the larger conspiracy. But that in fact is not true because that's how he got the mitigating role to begin with. In order to get to the mitigating role, she evaluated and used those five factors and used the extent and scope of the conspiracy to say, well, you are less culpable than these other people. She specifically says that in the record. But then there's another step to distinguishing between the minor role and the minimal participants, the two points and the four points. And the judge appropriately looked at that nuance that's written in the application notes for that 3B13 and its application note four. And you're to look at the lack of knowledge and understanding of the scope and the structure of the enterprise and activities of others. Now, she specifically cites to knowledge. She cites to the communications that are going on. She cites to the communications right around the time of the sending of the package. And she cites to the extensive communications going on building up to the package, 34 times in three weeks. And then she also, when she talks about the knowledge and understanding and looks at that minimal participant versus minor role, she mentions that it's particularly aggravating that now we are introducing, the defendant is introducing the drugs directly into Hawaii. We know that he's, we know that knowledge is there because we're dealing with the postal service. We're dealing with an address that goes to Hawaii. We're dealing with money that's an envelope that comes from Hawaii. So there was knowledge based on his communications with his co-conspirator and based on the knowledge with regard to the package of the location of where it's going. And the government, I mean, the judge very appropriately narrowed it down when she was distinguishing between the two points and the four points. So when the defense says that she didn't take into account the larger conspiracy, he's forgetting the first step that the judge did. And that was in giving him a mitigating role to begin with. And if there's no other questions that. Yeah. All right. Thank you, counsel. Mr. Kamara. Yes, Your Honor. The burden of proof is on Mr. Alvarez. However, according to this case, the standard of review is de novo because it's the issue of how or how did the district court apply both the safety valve requirement and the minor role. It's clear, according to the statute and case law in the Ninth Circuit, that for safety valve, the determination is by the time of sentencing. The government makes this point about, well, he might have lied earlier, so that affects his credibility. However, according to Major Pimentel and Shrista, the issue of whether they were untruthful at the beginning or untruthful later may, does not disqualify that individual from safety valve relief. In regards to the issue regarding what the government did and what was presented to the district court and the district court finding that there was the minor role. Yes, the district court did find that Mr. Alvarez was entitled to the minor role, but the analysis that the judge used was to look at only him and his source of supply. The legal question there is what did the district court, what was the district court required to look at? The district court was required to look at the larger conspiracy. And if you look at the larger conspiracy, Mr. Alvarez could qualify for the minimal participant. In regards to the marijuana, that is totally irrelevant because the district court said that in sentencing, she was not considering the marijuana issue. That was completely off the table. So to bring that argument now by the government is not really applicable to the issues before the court. Thank you, Your Honor. My time is up. Thank you very much, Counsel. United States v. Alvarez is submitted.
judges: WARDLAW, NGUYEN, OWENS